*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 19, 2019

Plaintiff-Appellee,

v

No. 343561
Saginaw Circuit Court
LC No. 17-043725-FC

CARL JOSEPH WARDELL, JR.,

Defendant-Appellant.

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded nolo contendere to various charges connected to a drive-by shooting. As part of the plea agreement, the prosecutor "recommend[ed]" that the court sentence defendant within the guidelines. Between the plea hearing and sentencing, the recommended minimum sentencing guidelines range increased and the court sentenced defendant at the top of the corrected range. Defendant sought no relief below and then filed a delayed application for leave to appeal, which this Court granted. *People v Wardell*, unpublished order of the Court of Appeals, entered June 8, 2018 (Docket No. 343561). Defendant did not properly pursue relief, precluding our review. We affirm.

## I. RELEVANT BACKGROUND

As noted, defendant pleaded nolo contendere to several charges in exchange for the dismissal of others. At the hearing, defense counsel noted, "[W]e have calculated the guidelines to be 19 to 47 months. And the recommendation from the prosecution as part of the plea arrangement, the Court would sentence him within the guidelines, plus the two for the felony firearm." The prosecutor agreed and added, "And both sides reserve the right to argue within the guidelines at the sentencing, Your Honor." The court clarified, "[T]his is indicated on the form, that this is an estimated sentence guidelines range?" Both sides answered in the affirmative.

While ensuring that defendant's plea was understanding, knowing, and voluntary, the court asked defendant whether he understood that "the guidelines were estimated to be 19 to 47 months for your minimum sentence. And that would be in addition to your two years on the felony firearm." Defendant expressed his understanding.

The presentence investigation report prepared ahead of sentencing, however, listed a minimum sentencing guidelines range of 34 to 83 months for defendant's offenses. Defense counsel noted the increase and asked the court "to consider a sentence of 47 months," which would fall into both the range "originally placed on the record" and the corrected range. The prosecutor described defendant's "lack of remorse" when he testified as a witness at a codefendant's trial and asked the court to consider that factor "when sentencing [defendant] within these guidelines."

The court sentenced defendant to concurrent terms of 83 months to 15 years' imprisonment for the majority of his offenses. The court acknowledged that a lower range had been recited on the record at the plea hearing, but noted that "it was clearly brought out that those were an estimated range."

Defendant did not seek to withdraw his guilty plea in the trial court and did not ask the lower court to reconsider his sentence. Instead, defendant filed a delayed application for leave to appeal his sentences.

## II. ANALYSIS

To properly preserve an issue for appeal, a defendant must "raise objections at a time when the trial court has an opportunity to correct the error." *People v Grant*, 445 Mich 535, 551; 520 NW2d 123 (1994). Preservation of objections to pleas is governed by court rule. MCR 6.310(C), as it read at the time of defendant's plea and sentencing, provided that a defendant may generally move to withdraw his or her plea in the trial court within six months after the sentence was imposed.[1] After that time has elapsed, "the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500," *id.*, meaning that he or she must establish entitlement to relief from judgment under MCR 6.508(D). A defendant convicted by plea agreement is precluded from challenging "on appeal any . . . claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal." MCR 6.310(D).

This Court has repeatedly applied MCR 6.310(C) and (D) to preclude a defendant from seeking relief in the first instance in this Court. A "defendant's failure to file a motion to withdraw his guilty plea bars him from raising on appeal the argument that his plea was not an accurate one." *People v Baham*, 321 Mich App 228, 234; 909 NW2d 836 (2017), citing MCR 6.310(D). In *Baham*, 321 Mich App at 234, the defendant argued that there was an insufficient factual basis to support his plea-based conviction. However, the defendant did not move to withdraw his plea in the trial court. This Court concluded that "[b]ecause a motion to withdraw a plea constitutes a prerequisite for challenging the accuracy of a plea and defendant ha[d] not filed such a motion, our direct substantive review of this appellate argument is precluded." *Id.* at 235. Similarly, in *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011), the defendant

---

[1] MCR 6.310(C) underwent a series of amendments effective May 1, September 1, and September 30, 2018.

argued that he was entitled to withdraw his no-contest plea because it was involuntary. However, the defendant "never sought to . . . withdraw his plea within six months after sentencing or to move for relief from judgment," precluding appellate review. *Id*. at 48, citing MCR 6.310(C)-(D).

In this case, defendant did not move to withdraw his plea in the trial court as required by MCR 6.310(C) and did not seek relief from judgment under MCR 6.508(D). MCR 6.310(D) therefore precludes review of his claim as stated in *Baham* and *Armisted*.

We affirm.

/s/ Cynthia Diane Stephens
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra